**Exhibit 1**

# WEISBERG CUMMINGS
## A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

LARRY A. WEISBERG

DERREK W. CUMMINGS*^

2704 COMMERCE DRIVE, SUITE B
HARRISBURG, PENNSYLVANIA 17110

STEVE T.MAHAN

MICHAEL J. BRADLEY

*CERTIFIED PUBLIC ACCOUNTANT
^MEMBER ARIZONA BAR

PHONE: 717.238.5707
FAX:    717.233.8133

January 27, 2022

Mark A. Hipple, Esquire
McNees Wallace & Nurick LLC
101 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166

RE:    **Writ of Summons/Acceptance of Service**
       ***Heather Tidwell, et al v. YWCA of Greater Harrisburg***
       ***(Civil Action No.: 2022-cv-488-cv)***

Dear Mark:

Enclosed is a docketed/time-stamped **Writ of Summons,** as well as an accompanying **Acceptance of Service** for the above-referenced matter. If authorized, please execute the Acceptance of Service and return it to me in the enclosed return envelope.

Thank you for your attention to this matter. If you have any questions or need to discuss further, please do not hesitate to contact me at (717) 238-5707.

Sincerely,

Derrek W. Cummings

Enclosures

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

DAUPHIN COUNTY _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2022 CV 488 CV |

2022 JAN 25

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- [ ] Complaint
- [x] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: **Heather Tidwell**

Lead Defendant's Name: YWCA of Greater Harrisburg

Are money damages requested? [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

Is this a *Class Action Suit?* [x] Yes [ ] No

Is this an *MDJ Appeal?* [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Derrek W. Cummings, dcummings@weisbergcummings.com

- [ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

---

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [x] Employment Dispute: Other
  Wage/Hour

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS**
**DAUPHIN COUNTY, PENNSYLVANIA**

No. _2022 Cv 488 cv_

Civil Action -
☐ Medical Professional Liability Action

| | | |
|---|---|---|
| *Heather Tidwell, individually and on behalf of all others similarly situated.*<br>*57 Tiptop Circle*<br>*Carlisle, PA 17015* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> vs <br> : <br> : <br> : <br> : <br> : <br> : <br> : | *YWCA of Greater Harrisburg*<br>*1101 Market Street*<br>*Harrisburg, PA 17103* |

Plaintiff(s) & Address(es)                    Defendant(s) & Address(es)

### PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY OF SAID COURT:

Please issue writ of summons in the above-captioned action.

Writ of Summons shall be issued and forwarded to ☒ Attorney  ☐ Sheriff

_____
Signature of Attorney

*Derrek W. Cummings*
*2704 Commerce Drive, Ste. B*
*Harrisburg, PA 17110*
*(717)238-5707*
*dcummings@weisbergcummings.com*

Supreme Court ID No. _83286_

Date: _1/17/2022_

Name/Address/Telephone No. of Attorney

### WRIT OF SUMMONS

TO THE ABOVE NAMED DEFENDANT(S)      *YWCA of Greater Harrisburg*

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION
AGAINST YOU.

*Matthew R. Krupp*
_____
Prothonotary

Date: _JAN 25 2022_      by _____
Deputy

☐ Check here if reverse is issued for additional information.

Prothon. - 55

JAN 2 5 2022

I hereby certify that the foregoing is a
true and correct copy of the original
filed.

*Matthew R. Kreiss*

Prothonotary

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by    Counsel for Plaintiff(s)

Signature:

Name:  Derrek W. Cummings

Attorney No. (if applicable):  83286

Rev. 7/2018

Counsel for Plaintiffs
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | |
|---|---|
| HEATHER TIDWELL, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>YWCA OF GREATER HARRISBURG,<br><br>                Defendant. | CIVIL ACTION - LAW<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br><br>NO.: 2022-CV-488-CV<br><br>**JURY TRIAL DEMANDED** |

### ACCEPTANCE OF SERVICE

I accept service of the PRAECIPE FOR WRIT OF SUMMONS filed by the Named

Plaintiff, HEATHER TIDWELL, individually and on behalf of all others similarly situated, for

the Defendant, YWCA OF GREATER HARRISBURG, and certify that I am authorized to do

so.


_____          _____
Date                                 Mark A. Hipple, Esquire
                                     McNees Wallace & Nurick LLC
                                     101 Pine Street, P.O. Box 1166
                                     Harrisburg, PA 17108-1166

**Exhibit 2**



Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | |
|---|---|
| HEATHER TIDWELL, individually and on behalf of all others similarly situated, | CIVIL ACTION - LAW |
| Plaintiffs, | NO.: 2022-cv-488-cv |
| v. | |
| YWCA OF GREATER HARRISBURG, | COLLECTIVE AND CLASS ACTION COMPLAINT |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IFYOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

## NOTICE

### CONCERNING MEDIATION OF ACTIONS PENDING BEFORE THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY

The Judges of the Court of Common Pleas of Dauphin County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Dauphin County Local Rule l001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Dauphin County Bar Association provides mediation services and can be reached at 717-232-7536. Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the DCBA.

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomaraccion dentro de los proximos veinte (20) dias despues de la notificacion de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aqui en contra suya. Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

ii

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO. SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO 0 BAJO COSTO A PERSONAS QUE CUALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

## AVISO

### REFERENCES A LA MEDIACIÔN DE LAS ACCIONES PENDIENTES ANTES LA CORTE DE SOPLICAS COMUNES DEL CONDADO DE DAUPHIN

Los jueces de la corte de sûplicas comunes del condado de Dauphin creen que la mediaciôn de pleitos es un componente muy importante de la resoluciôn del conflicto. Virtualmente todos los pleitos pueden beneficiar de cierta manera de la mediaciôn.

La code ha adoptado la regla local de condado de Dauphin 1001 para animar el use de la mediaciôn. Esta alarma temprana permite a litigantes determiner la mejor época durante la vida de su pleito para una sesiôn de la mediaciôn. El intento de esta alarma temprana es actuar sobre la mediaciôn de la buena fe en el tiempo óptimo.

La asociaciôn de la barra del condado de Dauphin proporciona servicios de la mediaciôn y se puede alcanzar en 717-232-7536. La sesiôn libre de la mediaciôn para los favorables casos del bono se refinio por MidPenn que los servicios juridicos están disponibles con el DCBA.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707



## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | |
|---|---|
| HEATHER TIDWELL, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>YWCA OF GREATER HARRISBURG,<br><br>       Defendant. | CIVIL ACTION - LAW<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>NO.: 2022-cv-488-cv<br><br>**JURY TRIAL DEMANDED** |

## **COLLECTIVE AND CLASS ACTION COMPLAINT**

Named Plaintiff, HEATHER TIDWELL ("Ms. Tidwell" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendant, YWCA OF GREATER HARRISBURG ("YWCA" or "Defendant"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as well as common law claims for Breach of Contract and Unjust Enrichment pursuant to the laws of Commonwealth of Pennsylvania, as follows:

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## **NATURE OF CASE**

According to the YWCA's website, "[t]he YWCA of Greater Harrisburg is dedicated to eliminating racism, empowering women and promoting peace, justice, freedom and dignity for all. YWCA Greater Harrisburg was founded in 1894 to create a safe place for young working women to live and gather.    Today the agency provides secure housing as well as comprehensive services for women, children and men.    The YWCA is the leading womens organization in the Capital Region, serving Dauphin, Cumberland, and Perry Counties. Staff work tirelessly to fulfill our mission to empower women and children, especially those whose circumstances might compromise their safety, security or future success."[1]  As part of the staff that works tirelessly to fulfill its mission, the YWCA employs approximately forty-five (45) Case Workers at any given time to provide supportive services throughout much of Central Pennsylvania for individuals and families through four (4) of its community service programs/departments: 1) Violence Intervention and Prevention; 2) Housing and Homelessness, 3) Veterans; and 4) Supportive Employment.   These supportive services involve education, coordination, and assistance with the individual/family participating in these community service programs to ensure that they have access to the necessary services and available resources they require to be successful.   However, despite how praiseworthy and important the YWCA's mission is for these individuals/families, during its years of operation since at least 2018, the YWCA has engaged in business practices that have violated the rights of its Case Workers as they relate to their payment/wages.   Specifically, the YWCA has either 1) misclassified their

---

[1] http://www.ywcahbg.org/who-we-are# (last visited December 9, 2021).

2

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

Case Manager position as exempt under both federal and state wage and hour laws or 2) simply refused to properly pay their non-exempt Case Manager position for all hours worked, and thus failed to pay these employees both their proper straight-time wages of at least minimum wage for all hours worked under forty (40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per week. The YWCA required those employed as Case Workers to arrive early and/or stay late, beyond their paid, scheduled shift, as well as be on call every weekend to provide services to individuals/families, in order to meet the community service obligations established by the YWCA. As such, the YWCA received unpaid labor from their numerous Case Workers each day. This lawsuit is therefore brought as (a) a collective action under FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA, and PWPCL, as well as for Pennsylvania common law claims for Breach of Contract and Unjust Enrichment.

## PARTIES

### A.     Named Plaintiff

1.      Ms. Tidwell was employed by the YWCA as a Veterans Case Manager from in or about March 2019 to in or about October 2021. Ms. Tidwell is a resident of the Commonwealth of Pennsylvania, residing in Cumberland County, Pennsylvania. Ms. Tidwell's consent to join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.      At all times relevant to this Complaint, Ms. Tidwell, and all other similarly situated Case Workers, were "employees" of Defendant for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

3

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

### B.   Defendant

***The YWCA of Greater Harrisburg***

3.     Defendant, the YWCA, is a Pennsylvania Domestic Non-Profit Organization with its principal place of business located at 1101 Market Street, Harrisburg, Pennsylvania.

4.     The YWCA is a local association of the YWCA USA, a 501(c)(3) charity and national organization with over two-hundred (200) local associations throughout the United States.

5.     At all times relevant to this action, the YWCA was an "employer" as defined by the FLSA, PMWA, and PWPCL.

6.     At all times relevant to this action, the YWCA acted as the employer of Ms. Tidwell, and all those similarly situated.

7.     At all times relevant to this Complaint, the YWCA has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     At all times relevant to this Complaint, the YWCA has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

9.     The YWCA has had, and continues to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

4

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## JURISDICTION AND VENUE

10.     The PMWA and PWPCL each provide for a private right of action to enforce their provisions.

11.     The Dauphin County Court of Common Pleas has personal jurisdiction over Defendant in that they are organized under the laws of this Commonwealth and continuously and systematically conduct business in the Commonwealth of Pennsylvania.  42 Pa. C.S. § 5301(a).

12.     Original jurisdiction is proper in the Dauphin County Court of Common Pleas in that the courts of common pleas of this Commonwealth shall have unlimited original jurisdiction of all actions and proceedings.  42 Pa.C.S. § 931.

13.     Venue is proper in the Dauphin County Court of Common Pleas in that Defendant is a Pennsylvania Domestic Non-Profit Organization with its registered office located in Dauphin County.  20 Pa.C.S. § 726.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA, and PWPCL*

14.     Named Plaintiff, and all other similarly situated Case Workers were employed by Defendant to work thirty-seven and a half (37.5) hours per week at an agreed upon annual rate of pay, calculated as an hourly rate and payable on a bi-weekly basis.

15.     Specifically, Named Plaintiff was hired in or about March 2019 at an annual rate of pay of $32,000 ($16.41 per hour), which had increased to $32,838 ($16.84 per hour) at the time her employment ended in or about October 2021.

5

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

16.     Named Plaintiff, and all other similarly situated Case Workers, were required

and/or permitted to work in excess of thirty-seven and a half (37.5) hours per workweek, but have

not been compensated lawfully for all hours worked in excess of thirty-seven and a half (37.5)

hours in a given workweek, inclusive of both straight-time wages for all hours worked under forty

(40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per

week as required by the FLSA, PMWA, and PWPCL.

17.     During its years of operation since at least 2018, Defendant has had a policy and

practice of not correctly compensating their Case Workers, to wit:

　　　　　　　　　a.     The job of a Case Worker includes providing supportive

　　　　　　　　services on behalf of the YWCA and its community service programs to

　　　　　　　　individuals/families throughout much of Central Pennsylvania, and other

　　　　　　　　non-exempt work throughout the day;

　　　　　　　　　b.     Case Workers are hired and compensated to work a

　　　　　　　　required minimum of thirty-seven and a half (37.5) hours per workweek at

　　　　　　　　a designated annual rate of pay for all services provided, calculated as an

　　　　　　　　hourly rate and payable on a bi-weekly basis;

　　　　　　c.     Case Workers are required to track their hours worked each day

　　　　　　　　irrespective of their scheduled shift start and end times, are responsible for

　　　　　　　　their own time upkeep and submission of their actual hours worked, and

　　　　　　　　theoretically not supposed to have to work "off the clock" or beyond their

　　　　　　　　shift start and end times;

6

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

d.  Case Workers are scheduled to work seven and a half (7.5) hour daily shifts five (5) days per week throughout the scheduled workweek, thus creating a schedule that gives the appearance that no more than thirty-seven and a half (37.5) hours are worked per week;

e.  Case Managers, however, are routinely required and/or permitted to work prior to and after their scheduled seven and a half (7.5) hour workday shift, as well as be on call every weekend to provide services to individuals/families, and thus perform significant work in excess of their required minimum thirty-seven and a half (37.5) hour workweek;

f.  Nonetheless, Defendant only pays their Case Workers wages limited to thirty-seven and a half (37.5) hours per workweek at their designated annual rate of pay calculated as an hourly rate on a weekly basis, and any hours worked in excess of that amount are not compensated.  For those Case Workers that stayed "on the clock" before and after their designated daily shift or worked on weekends, management adjusted the actual time tracked and submitted by those Case Workers, at the direction and instruction of Defendant's upper management and executive leadership, to remove these hours from Defendant's centralized payroll system to ensure they would not be compensated;

g.  Case Workers are never compensated, at a straight rate or overtime rate, for the time they were required to work either "on the clock" or "off the

7

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

clock" in excess of their thirty-seven and a half (37.5) hour workweek, nor are they compensated at an overtime rate for any hours worked in excess of forty (40) hours in a workweek; and

h.     It is common for Case Workers to be required to work in excess of twelve (12) hours each workday shift or sixty (60) hours each workweek, inclusive of on call work on weekends, without being compensated beyond their annual rate of pay.

18.     Under the FLSA and PMWA, consistent rulings and interpretations of the United States Department of Labor and Pennsylvania Department of Labor, and applicable state law, Named Plaintiffs and all similarly situated employees are entitled to compensation for the time spent working before and after their paid shifts for all services provided.

19.     The FLSA further requires employers to compensate employees at a rate not less than one and a half (1.5) times the regular rate at which they are employed for any work in excess of forty (40) hours per week.  29 U.S.C. § 207.

20.     Defendants uniformly denied wages and overtime pay to its Case Workers by either misclassifying them as exempt or simply refusing to properly pay them as non-exempt employees for all hours worked, requiring them to perform "off the clock" work, and/or removing "on the clock" hours from payroll.  Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, PMWA, and PWPCL.

8

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

21.    Defendant did not accurately record and/or preserve all time worked by their Case
Workers, and specifically removed or did not include time these employees spent providing
support services and other non-exempt work throughout the day.

22.    Defendant required their Case Workers to service the individuals/families on their
caseload before and after their paid shift, as well as be on call every weekend to provide services
to individuals/families, to perform work to meet the intense demands of providing these support
services throughout much of Central Pennsylvania.    This meant the employee was forced to
perform the aforementioned services without compensation beyond their annual rate of pay.

23.    Defendant did not pay their Case Workers to perform these and other non-exempt
tasks.

24.    On information and belief, Defendant adhered to the same policies and practices
with respect to all of their Case Workers.

25.    The net effect of Defendant's policies and practices, instituted and approved by
the YWCA's upper management and executive leadership, is that Defendant willfully failed to
pay straight-time and overtime compensation, as well as willfully failed to keep accurate time
records to save payroll costs.

### *Claims for Breach of Contract and Unjust Enrichment*

26.    At different times, Defendant, through its upper management, executive
leadership, and other employees and/or agents, made oral offers of employment to Named
Plaintiff and all other similarly situated Case Workers, the terms of which did not vary between

9

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

members of the class, i.e., that Named Plaintiff and all other similarly situated Case Workers
would be paid at a fixed rate of pay for all work performed on behalf of Defendant.

27.    Named Plaintiff and all other similarly situated Case Workers, in justifiable
reliance upon Defendant's oral promises to pay them for all time worked on behalf of Defendant,
accepted Defendant's oral offers of employment.

28.    Despite the terms of their oral agreement with Defendant, Named Plaintiff and all
other similarly situated Case Workers were forced to perform work on behalf of and for the
benefit of Defendant during the Class period, before and/or after their paid shift, including on call
work on weekends.

29.    Defendant breached their oral contract with Named Plaintiff and all other
similarly situated Case Workers by deliberately failing to them for all hours worked on behalf of
Defendant.

30.    In the alternative to the above allegations for breach of an oral contract,
Defendant has received and benefited from the uncompensated labors of Named Plaintiff and all
other similarly situated Case Workers, such that to retain said benefit without compensation
would be inequitable and rise to the level of unjust enrichment.

31.    At all relevant times hereto, Defendant devised and implemented a plan to
increase its financial position by fostering a scheme of securing work from Named Plaintiff and
all other similarly situated Case Workers without paying straight-time and/or overtime wages for
all hours worked.

10

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

32.     Contrary to all good faith and fair dealing, Defendant encouraged its upper management and executive leadership to require Named Plaintiff and all other similarly situated Case Workers to perform work during the day while failing to pay straight-time and/or overtime wages for all hours worked.

33.     By reason of having secured the work and efforts of Named Plaintiff and all other similarly situated Case Workers without paying straight-time and/or overtime wages, Defendant enjoyed reduced overhead with respect to its costs, and therefore realized additional earnings and cost savings to its own benefit and to the detriment of Named Plaintiff and all other similarly situated Case Workers.

34.     Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

**<u>COLLECTIVE ACTION ALLEGATIONS UNDER FLSA</u>**

35.     Defendant has engaged in systemic wage and hour violations against its Case Worker employees. Defendant has caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

36.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Case Worker employees employed by the YWCA.

37.     Named Plaintiff brings Count I and Count II for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective

11

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

Action Class ("FLSA Collective Action Class"). The FLSA Collective Action Class is defined as

follows:

> All individuals who are or have been employed by Defendant as a Case
> Worker from three (3) years prior to the filing date of this Complaint up until this
> FLSA Collective Action Class is finally certified by the Court, who have worked
> in excess of thirty-seven and a half (37.5) hours in a given workweek without
> being paid straight-time wages of at least minimum wage for all hours worked
> under forty (40) hours per week and overtime wages for all hours worked that
> exceeded forty (40) hours per week.

38.    Named Plaintiff seeks to represent all Case Workers, as described above, on a

collective basis challenging, among other FLSA violations, Defendant's practice of failing to

accurately record and/or preserve, and pay for, all hours worked, including both straight-time and

overtime compensation. Defendant willfully violated the FLSA through its failure to properly

pay the Named Plaintiff and FLSA Collection Action Class all straight-time and overtime hours

they have worked. In particular, the Named Plaintiff and FLSA Collection Action Class often

worked in excess of thirty-seven and a half (37.5) hours per week, and in such cases, Defendant

did not pay the Named Plaintiff and FLSA Collection Action Class compensation of, at least, the

legally mandated federal minimum wage and/or overtime rate. Specifically, Defendant forced the

Named Plaintiff and FLSA Collection Action Class to work before and after their paid shift,

including on call work on weekends, without pay. Defendant knew and had been aware at all

times that the Named Plaintiff and FLSA Collection Action Class regularly worked in excess of

thirty-seven and a half (37.5) hours per week, and yet failed to pay them for all straight-time

and/or overtime hours they worked.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

39. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

40. Questions of law and fact common to the Named Plaintiff and FLSA Collective Action Class include but are not limited to the following:

> a. Whether Defendant unlawfully failed and continues to unlawfully fail to compensate Case Workers for all work performed;
>
> b. Whether Defendant's policy, practice, or procedure of failing to compensate Case Workers for all work performed violates the applicable provisions of the FLSA; and
>
> c. Whether Defendant's failure to compensate Case Workers for all work performed was willful within the meaning of the FLSA.

41. Named Plaintiff's FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other Case Worker employees described in the FLSA Collective Action Class. Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

42. The Named Plaintiff and FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendant's common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages for all work performed.

13

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## CLASS ACTION ALLEGATIONS UNDER THE PMWA, PWPCL, AND FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT

43.     Named Plaintiff brings Count III and Count IV for violations of the PMWA,

Count V for violations of the PWPCL, Count VI for Breach of Contract, and Count VII for Unjust

Enrichment as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the State

Class (the "State Class"). The State Class is defined as follows:

> All individuals who are or have been employed by Defendant as a Case
> Worker in the Commonwealth of Pennsylvania from four (4) years prior to the
> filing date of this Complaint up until this this State Class is finally certified by the
> Court, who have worked in excess of thirty-seven and a half (37.5) hours in a
> given workweek without being paid straight-time wages for all hours worked
> under forty (40) hours per week and overtime wages for all hours worked that
> exceeded forty (40) hours per week.

44.     Named Plaintiff seeks to represent all Case Workers who worked in the

Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other

PMWA and PWPCL violations, Defendant's practice of failing to accurately record and/or

preserve, and pay for, all hours worked, including both straight-time and overtime compensation,

as well as state common law claims for Breach of Contract and Unjust Enrichment.  Defendant

willfully violated the PMWA and PWPCL through its failure to properly pay Named Plaintiff and

the State Class for all straight-time and overtime hours they have worked.  In particular, the

Named Plaintiff and State Class often worked in excess of thirty-seven and a half (37.5) hours per

week, and in such cases, Defendant did not pay the Named Plaintiff and State Class compensation

due.  Specifically, Defendant forced Named Plaintiff and the State Class to work before and after

their paid shift without pay, including on call work on weekends.  Defendant knew and had been

aware at all times that the Named Plaintiff and State Class regularly worked in excess of thirty-

14

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

seven and a half (37.5) hours per week, and yet failed to pay them for all straight-time and/or overtime hours they worked.

45.     The State Class as defined above is identifiable.  Named Plaintiff is a member of the State Class.

46.     The State Class, upon information and belief, consists of more than one hundred (100) individuals, both current and former employees of Defendant, and is thus so numerous that joinder of all members is impracticable.

47.     Furthermore, members of the State Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

48.     There are questions of law and fact which are not only common to the State Class, but which predominate over any questions affecting only individual members of the State Class. The predominating common questions include, but are not limited to:

> a.     Did Defendant fail to pay straight-time and overtime wages for all hours worked in excess of thirty-seven and a half (37.5) hours per workweek;
>
> b.     Did Defendant's failure to pay straight-time and overtime wages violate the PMWA;
>
> c.     Did Defendant act willfully, intentionally, and maliciously in failing to pay straight time and overtime wages;
>
> d.     Did Defendant's failure to timely and fully pay employees all wages owed violate the PWPCL; and

15

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

e.    Did Defendant's failure to pay employees all wages owed upon termination violate the PWPCL

f.    Did Defendant breach an oral contract with its Case Workers; and

g.    Did Defendant receive unjust enrichment from its Case Workers.

49.    The prosecution of separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendant, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

50.    The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendant.

51.    Named Plaintiff will fairly and adequately protect the interests of the State Class. Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

52.    Named Plaintiff has no conflict of interest with the State Class.

53.    Named Plaintiff is able to represent and protect the interest of the State Class members fairly and adequately.

54.    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the State Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

16

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

55.    There are no unusual difficulties in the management of this case as a class action.

56.    The books and records of Defendant are material to Named Plaintiff's case as they disclose the rate of pay, scheduled shifts, hours worked, and wages paid to members of the State Class.

## COUNT I

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ.* FAILURE TO PAY STRAIGHT-TIME/FEDERAL MINIMUM WAGE (Named Plaintiff and FLSA Collective Action Class v. Defendant)

57.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

58.    This Count is brought on behalf of Named Plaintiff and all members of the FLSA Collective Action Class against Defendant.

59.    At all times material herein, Named Plaintiff and members of the FLSA Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

60.    Named Plaintiff and members of the FLSA Collective Action Class are "employees" covered by the FLSA, and Defendant is their "employer." Defendant, as the employer of Named Plaintiff and members of the FLSA Collective Action Class, was and is obligated to pay Named Plaintiff and members of the FLSA Collective Action Class the required federal minimum wage for all hours worked. Straight-time pay of at least the federal minimum

17

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

wage is, therefore, due and owing to Named Plaintiff and members of the FLSA Collective Action Class.

61.     The FLSA regulates, among other things, the payment of straight-time wages of at least the federal minimum wage to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

62.     Defendant is subject to the federal minimum wage requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

63.     Defendant violated the minimum wage provisions of the FLSA as it failed to pay Named Plaintiff and members of the FLSA Collective Action Class the required federal minimum wage for all hours worked, in violation of the FLSA. Straight-time pay of at least the federal minimum wage is, therefore, due and owing to Named Plaintiff and members of the FLSA Collective Action Class.

64.     The FLSA requires that Defendant compensate Named Plaintiff and members of the FLSA Collective Action Class at a federal minimum wage rate of at least $7.25 per hour for each hour worked. 29 U.S.C. § 207(a)(1)(C).

65.     In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

18

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

66.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations. None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Collective Action Class.

67.     Named Plaintiff and members of the FLSA Collective Action Class are victims of a uniform compensation policy. On information and belief, Defendant is applying the same unlawful compensation policy to all of its non-exempt, Case Worker employees.

68.     Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

69.     Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid straight time wages of at least the federal minimum wage permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay straight time wages of at least the federal minimum wage, Named Plaintiffs and members of the FLSA Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

70.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, straight-time compensation has been unlawfully withheld by Defendants from Named Plaintiffs and members of the FLSA Collective Action Class. Accordingly, Defendant is liable

19

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

71.    Named Plaintiff and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the FLSA Collective Action Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a collective action on behalf of the proposed FLSA Collective Action Class and

a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

b.    Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the FLSA Collective Action Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

20

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

D.      Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.      Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the FLSA;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.      Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.      Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT II

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ.* FAILURE TO PAY OVERTIME WAGES (Named Plaintiff and FLSA Collective Action Class v. Defendant)

72.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

73.     This Count is brought on behalf of Named Plaintiff and all members of the FLSA Collective Action Class against Defendant.

21

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

74.     At all times material herein, Named Plaintiff and members of the FLSA
Collective Action Class have been entitled to the rights, protections, and benefits provided under
the FLSA, 29 U.S.C. § 201, *et seq.*

75.     Named Plaintiff and members of the FLSA Collective Action Class are
"employees" covered by the FLSA, and Defendant is their "employer." Defendant, as the
employer of Named Plaintiff and members of the FLSA Collective Action Class, was and is
obligated to pay Named Plaintiff and members of the FLSA Collective Action Class overtime at
one and a half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in a
workweek.

76.     The FLSA regulates, among other things, the payment of overtime to employees
who are engaged in interstate commerce, or engaged in the production of goods for commerce, or
employed in an enterprise engaged in commerce or in the production of goods for commerce. 29
U.S.C. § 207(a)(1).

77.     Defendant is subject to the overtime pay requirements of the FLSA because it is
an enterprise engaged in interstate commerce with customers in numerous states, and its
employees are engaged in commerce.

78.     Defendant violated the FLSA by failing to pay for overtime. In the course of
perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of
all hours worked by its employees.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

79.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Collective Action Class.

80.     Named Plaintiff and members of the FLSA Collective Action Class are victims of a uniform compensation policy. On information and belief, Defendant is applying the same unlawful compensation policy to all of its non-exempt, Case Worker employees.

81.     Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

82.     Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Named Plaintiffs and members of the FLSA Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

83.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Named Plaintiffs and members of the FLSA Collective Action Class. Accordingly, Defendant is liable

23

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

84.    Named Plaintiff and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the FLSA Collective Action Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a collective action on behalf of the proposed FLSA Collective Action Class and

> a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

> b.    Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the FLSA Collective Action Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

24

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

D.      Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.      Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the FLSA;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.      Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.      Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT III

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.*
### FAILURE TO PAY STRAIGHT-TIME/STATE MINIMUM WAGE
### (Named Plaintiff and State Class v. Defendant)

85.      Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

86.      Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

25

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

87.     Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the PMWA exemptions apply to Named Plaintiff or members of the State Class.

88.     Named Plaintiff and members of the State Class are victims of a uniform compensation policy. On information and belief, Defendant is applying the same unlawful compensation policy to all of their non-exempt, Case Worker employees.

89.     Defendant violated the minimum wage provisions of the PMWA as it failed to pay Named Plaintiff and members of the State Class the required state minimum wage for all hours worked, in violation of the PMWA. Straight-time pay of at least the state minimum wage is, therefore, due and owing to Named Plaintiff and members of the State Class.

90.     The PMWA requires that Defendant compensate Named Plaintiff and members of the State Class at a state minimum wage rate of at least $7.25 per hour for each hour worked. 43 Pa.C.S. § 333.104(a.1).

91.     The total amount of compensation due to Named Plaintiff and members of the State Class by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

92.     Defendant's failure and refusal to pay straight-time pay of at least the state minimum wage for all hours worked was willful, intentional, and not in good faith.

93.     Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to straight-time pay of at least the state minimum wage. In the

26

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

94.     Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PMWA.

## PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the State Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.     Designate this action as a class action on behalf of the proposed State Class;

B.     Designate Named Plaintiff, Heather Tidwell, as representatives of the State Class;

C.     Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D.     Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.     Award back pay to Named Plaintiff and the members of the State Class, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

F.     Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the State Class;

G.     Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest available under the PMWA;

27

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

H.     Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

I.     Award any additional relief that this Court deems just and proper.

## COUNT IV

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.*
### FAILURE TO PAY OVERTIME WAGES
### (Named Plaintiff and State Class v. Defendant)

95.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

96.     Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101, *et seq.*

97.     Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff or members of the State Class.

98.     Named Plaintiff and members of the State Class are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to all of their non-exempt, Case Worker employees.

99.     Defendant violated the overtime provisions of the PMWA as it failed to pay Named Plaintiff and members of the State Class the required one and a half (1.5) times their

28

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

regular rate of pay for all hours worked over forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing to Named Plaintiff and members of the State Class.

100. The PMWA requires that Defendant compensate Named Plaintiff and members of the State Class at a rate of at least one and a half (1.5) times their usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

101. The total amount of compensation due to Named Plaintiff and members of the State Class by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

102. Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

103. Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

104. Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PMWA.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## **PRAYER FOR RELIEF ON COUNT IV**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the State

Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of

the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant,

YWCA of Greater Harrisburg, as follows:

     A.     Designate this action as a class action on behalf of the proposed State Class;

     B.     Designate Named Plaintiff, Heather Tidwell, as representatives of the State Class;

     C.     Designate Named Plaintiff's chosen counsel as counsel for the State Class;

     D.     Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

     E.     Award back pay to Named Plaintiff and the members of the State Class, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

     F.     Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the State Class;

     G.     Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest available under the PMWA;

     H.     Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

     I.     Award any additional relief that this Court deems just and proper.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## COUNT V

## (INDIVIDUAL AND CLASS ACTION CLAIMS)

## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §§ 260.1, *ET SEQ.*
### FAILURE TO PAY WAGES
### (Named Plaintiff and State Class v. Defendant)

105.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

106.    Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq.*

107.    Named Plaintiff and members of the State Class are entitled to be paid for all straight-time worked and paid one and a half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  As stated above, the failure to pay said wages constitute violations of the FLSA and PMWA.

108.    Defendant has failed to pay Named Plaintiff and members of the State Class for all straight-time worked or to pay one and a half times (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA and in violation of Defendant's contractual obligations to Named Plaintiff and the members of the State Class.  Defendant has, therefore, failed to regularly pay Named Plaintiffs and members of the State Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

31

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

109. Accordingly, wages in the form of straight time and overtime pay are due and owing to Named Plaintiff and members of the State Class pursuant to Section 260.3(a) of the PWPCL.

110. Defendant further violated the PWPCL through their failure to pay Named Plaintiff and members of the State Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

111. Defendant further violated the PWPCL by failing to record and pay for all hours worked, including overtime wages. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

112. The total amount due to Named Plaintiff and members of the State Class by Defendant constitute wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

113. In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and members of the State Class are entitled to liquidated damages in an amount equal to the lesser of $500 or twenty-five percent (25%) of the wages due in addition to all wages due.

114. In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiffs and members of the State Class are entitled to reasonable attorneys' fees associated with this action.

115. The wages withheld from Named Plaintiff and members of the State Class were not the result of any bona fide dispute.

32

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

116. Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT V

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the State Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.      Designate this action as a class action on behalf of the proposed State Class;

B.      Designate Named Plaintiff, Heather Tidwell, as representative of the State Class;

C.      Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D.      Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.      Award back pay to Named Plaintiff and the members of the State Class, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the State Class in the maximum amount available under the PWPCL;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the State Class;

H.      Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest available under the PWPCL;

I.      Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

33

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## COUNT VI

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### BREACH OF CONTRACT
### FAILURE TO PAY STRAIGHT-TIME AND/OR OVERTIME WAGES
### (Named Plaintiff and State Class v. Defendant)

109. Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

110. The relevant time period for this cause of action begins at least four (4) years before the date on which the Complaint was filed.

111. At different times, Defendant, through its upper management, executive leadership, other employees and/or agents, made oral offers of employment to Named Plaintiff and the members of the State Class, the terms of which did not vary between members of the class, i.e., that Named Plaintiff and the members of the State Class would be paid at a fixed rate of pay for all work performed on behalf of Defendant.

112. Named Plaintiff and the members of the State Class, in justifiable reliance upon Defendant's oral promises to pay them for all time worked on behalf of Defendant, accepted Defendant's oral offers of employment.

113. Despite the terms of their oral agreement with Defendant, Named Plaintiff and the members of the State Class were forced to perform work on behalf of and for the benefit of Defendant during the Class period, before and/or after their paid shift, as well as on call work on weekends, for which they were not compensated.

34

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

114.    Defendant breached its oral contracts with Named Plaintiff and the members of

the State Class by deliberately failing to pay Named Plaintiff and the members of the State Class

for all hours worked on behalf of Defendant.

115.    Accordingly, Named Plaintiff and the members of the State Class are entitled to

judgment in an amount equal to the wages due for the uncompensated time worked on behalf of

Defendant.

## **PRAYER FOR RELIEF ON COUNT VI**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the State

Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of

the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant,

YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a class action on behalf of the proposed State Class;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the State Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D.    Award Named Plaintiff and the members of the State Class back pay damages
according to proof at trial, including a sum to compensate Named Plaintiff and the members of
the State Class for any increased tax liability on a lump-sum award of back pay;

E.    Award Named Plaintiff and the members of the State Class pre-judgment and
post-judgment interest, from and after the date of service of the initial complaint in this action on
all unpaid wages from the date such wages were earned and due;

F.    Award Named Plaintiff and the members of the State Class any other appropriate
equitable relief; and

G.    Award any additional relief that this Court deems just and proper.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## COUNT VII

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### UNJUST ENRICHMENT
### FAILURE TO PAY STRAIGHT-TIME AND/OR OVERTIME WAGES
### (Named Plaintiff and State Class v. Defendant)

115.   Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

116.   The relevant time period for this cause of action begins at least four (4) years before the date on which the Complaint was filed.

117.   Defendant has received and benefited from the uncompensated labors of Named Plaintiff and the members of the State Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

118.   At all relevant times hereto, Defendant devised and implemented a plan to increase its financial position by fostering a scheme of securing work from Named Plaintiff and the members of the State Class without paying straight-time and/or overtime wages for all hours worked.

119.   Contrary to all good faith and fair dealing, Defendant encouraged its upper management and executive leadership to induce Named Plaintiff and the members of the State Class to perform work during the day while failing to pay straight-time and/or overtime wages for all hours worked.

120.   By reason of having secured the work and efforts of Named Plaintiff and the members of the State Class without paying straight-time and/or overtime wages, Defendant

36

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

enjoyed reduced overhead with respect to its costs, and therefore realized additional earnings and cost savings to its own benefit and to the detriment of Named Plaintiff and the members of the State Class.

121. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

122. Accordingly, Named Plaintiff and the members of the State Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant as an alternative to the Breach of Contract claims set forth above in Count VI.

## **PRAYER FOR RELIEF ON COUNT VII**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the State Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A. Designate this action as a class action on behalf of the proposed State Class;

B. Designate Named Plaintiff, Heather Tidwell, as representative of the State Class;

C. Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D. Award Named Plaintiff and the members of the State Class general damages and special damages according to proof at trial, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

E. Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

F. Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

37

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

G.    Award any additional relief that this Court deems just and proper.

## **JURY DEMAND**

Named Plaintiff and all members of the FLSA Collective Action Class and State Class

demand a trial by jury on all issues triable to a jury as a matter of right.

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

Dated: April 25, 2022                         Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiffs*

39

Counsel for Claimant
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707

# Exhibit A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a party plaintiff in the forgoing action.

Date: _____
4/25/2022

DocuSigned by:

_____
FBAD38EA5CAC45D...
Heather Tidwell

1

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## **VERIFICATION**

I, Heather Tidwell, verify that I am the Name Plaintiff in the foregoing Collective and

Class Action Complaint and that the facts set forth therein are true and correct to the best of my

knowledge, information, and belief; and that this verification is subject to the penalties of 18

Pa.C.S. § 4909 relative to unsworn falsification to authorities.

Dated: April 25, 2022

DocuSigned by:

_____
Heather Tidwell
FBAD38EA5CAC45D...

Counsel for Claimant
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707

# Exhibit A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a party plaintiff in the forgoing action.

Date: _4/25/2022_____

DocuSigned by:

_____
FBAD38EA5CAC45D...
Heather Tidwell

Counsel for Plaintiff
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

## **CERTIFICATE OF SERVICE**

I, Derrek W. Cummings, Esquire, hereby certify that I am this day serving a true and

correct copy of the foregoing **Collective and Class Action Complaint** upon the person(s) and in

the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules

of Civil Procedure, via e-mail as follows:

**Mark A. Hipple, Esquire**
**MHipple@mcneeslaw.com**

**McNees Wallace & Nurick LLC**
**101 Pine Street, P.O. Box 1166**
**Harrisburg, PA 17108-1166**

*Counsel for Defendant*

**WEISBERG CUMMINGS, P.C.**

Dated: April 25, 2022                         */s/ Derrek W. Cummings*
                                              Derrek W. Cummings