## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER TIDWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YWCA OF GREATER HARRISBURG,<br><br>Defendant. | CIVIL ACTION - LAW<br><br>NO.: 1:22-cv-908-JPW<br><br>COMPLAINT–CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

## FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff, HEATHER TIDWELL ("Ms. Tidwell" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Fourth Amended Collective and Class Action Complaint ("Complaint") against Defendant, YWCA OF GREATER HARRISBURG ("YWCA" or "Defendant"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## <u>NATURE OF CASE</u>

According to the YWCA's website, "[t]he YWCA of Greater Harrisburg is dedicated to eliminating racism, empowering women and promoting peace, justice, freedom and dignity for all.  YWCA Greater Harrisburg was founded in 1894 to create a safe place for young working women to live and gather.  Today the agency provides secure housing as well as comprehensive services for women, children and men.  The YWCA is the leading womens organization in the Pennsylvania Capitol Region, serving Dauphin, Cumberland, and Perry Counties.  Staff work tirelessly to fulfill our mission to empower women and children, especially those whose circumstances might compromise their safety, security or future success."[1] As part of the staff that works tirelessly to fulfill its mission, the YWCA employs approximately forty-five (45) Case Managers at any given time to provide supportive services throughout much of Central Pennsylvania for individuals and families through four (4) of its community service programs/departments: 1) Violence Intervention and Prevention; 2) Housing and Homelessness, 3) Veterans; and 4) Supportive Employment.  These supportive services involve education, coordination, and assistance with the individual/family participating in these community service programs to ensure that they have access to the necessary services and available resources they require to be successful.  However, despite

---

[1] http://www.ywcahbg.org/who-we-are# (last visited December 9, 2021).

2

how praiseworthy and important the YWCA's mission is for these individuals/families, during its years of operation since at least 2018, the YWCA has engaged in business practices that have violated the rights of its Case Managers and/or Resource Development Specialists as they relate to their payment/wages. Specifically, the YWCA has either 1) misclassified their Case Manager and/or Resource Development Specialist positions as exempt under both federal and state wage and hour laws or 2) simply refused to properly pay their non-exempt Case Manager and/or Resource Development Specialist position for all hours worked, and thus failed to pay these employees overtime wages for all hours worked that exceeded forty (40) hours per week. The YWCA required those employed as Case Managers and/or Resource Development Specialists to arrive early and/or stay late, beyond their paid, scheduled shift, as well as be on call every weekend to provide services to individuals/families, in order to meet the community service obligations established by the YWCA. As such, the YWCA received unpaid labor from their numerous Case Managers and Resource Development Specialists each day. This lawsuit is therefore brought as (a) a collective action under FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA, and PWPCL.

## PARTIES

### A.   Named Plaintiff

1.     Ms. Tidwell was employed by the YWCA as a Resource Development Specialist from in or about March 2019 to in or about June 2020 and as a Case Manager from in or about June 2020 until in or about October 2021.  Ms. Tidwell is a resident of the Commonwealth of Pennsylvania, residing in Cumberland County, Pennsylvania.

2.     At all times relevant to this Complaint, Ms. Tidwell, and all other similarly situated Case Managers, were "employees" of Defendant for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

### B.   Defendant

*The YWCA of Greater Harrisburg*

3.     Defendant, the YWCA, is a Pennsylvania Domestic Non-Profit Organization with its principal place of business located at 1101 Market Street, Harrisburg, Pennsylvania.

4.     The YWCA is a local association of the YWCA USA, a 501(c)(3) charity and national organization with over two-hundred (200) local associations throughout the United States.

4

5.    At all times relevant to this action, the YWCA was an "employer" as defined by the FLSA, PMWA, and PWPCL.

6.    At all times relevant to this action, the YWCA acted as the employer of Ms. Tidwell, and all those similarly situated.

7.    At all times relevant to this Complaint, the YWCA has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.    At all times relevant to this Complaint, the YWCA has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

9.    The YWCA has had, and continues to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

10.    The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.    The PWPCL and PMWA provides for a private right of action to enforce its provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Plaintiffs' federal claims as to form part of the same case and controversy.

12. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA, and PWPCL*

13. At different times, Defendant, through its upper management, executive leadership, and other employees and/or agents, made oral offers of employment to Named Plaintiff and all other similarly situated Case Managers and/or Resource Development Specialists, the terms of which did not vary between members of the class, i.e., that Named Plaintiff and all other similarly situated Case Managers and/or Resource Development Specialists would be paid at a fixed rate of pay per annum for all work performed on behalf of Defendant during their scheduled shifts.

14. Named Plaintiff, and all other similarly situated Case Managers and/or Resource Development Specialists were employed by Defendant to work thirty-seven and a half (37.5) hours per week at an agreed upon annual rate of pay, calculated as an hourly rate and payable on a bi-weekly basis.

15.     Specifically, Named Plaintiff was hired in or about March 2019 at an annual rate of pay of $32,000 ($16.41 per hour), which increased to $32,838 ($16.84 per hour) at the time her employment ended in or about October 2021.

16.     Named Plaintiff, and all other similarly situated Case Managers and/or Resource Development Specialists, were required and/or permitted to work in excess of forty (40) hours per week but were not paid overtime wages at a rate of not less than one and a half (1.5) times their regular rate for all hours worked that exceeded forty (40) hours per week as required by the FLSA, PMWA, and PWPCL.

17.     Named Plaintiff and all other similarly situated Case Managers and/or Resource Development Specialists, in justifiable reliance upon Defendant's oral promises to pay them a fixed rate of pay per annum for all work performed on behalf of Defendant during their scheduled shifts, accepted Defendant's oral offers of employment.

18.     Despite the terms of their oral agreement with Defendant, Named Plaintiff and all other similarly situated Case Managers and/or Resource Development Specialists were forced to perform work on behalf of and for the benefit of Defendant during the Class period beyond their scheduled shifts, before and/or after their paid shift, including on call work on weekends, without compensation at overtime rates for work that exceeded forty (40) hours per workweek.

19. During its years of operation since at least 2018, Defendant has had a policy and practice of not correctly compensating their Case Managers and/or Resource Development Specialists, to wit:

a. The job duties of a Case Manager and a Resource Development Specialist are nearly identical. The job of a Case Manager and/or Resource Development Specialist includes providing supportive services on behalf of the YWCA and its community service programs to individuals/families throughout much of Central Pennsylvania, and other non-exempt work throughout the day;

b. Case Managers and/or Resource Development Specialists, including Named Plaintiff, are hired and compensated to work a required minimum of thirty-seven and a half (37.5) hours per workweek at a designated annual rate of pay for all services provided, calculated as an hourly rate and payable on a bi-weekly basis;

c. Case Managers and/or Resource Development Specialists, including Named Plaintiff, are required to track their hours worked each day irrespective of their scheduled shift start and end times, are responsible for their own time upkeep and

submission of their actual hours worked, and theoretically not supposed to have to work "off the clock" or beyond their shift start and end times;

d.   Case Managers and/or Resource Development Specialists, including Named Plaintiff, are scheduled to work seven and a half (7.5) hour daily shifts five (5) days per week throughout the scheduled workweek, thus creating a schedule that gives the appearance that no more than thirty-seven and a half (37.5) hours are worked per week;

e.   Case Managers and/or Resource Development Specialists, including Named Plaintiff, however, are routinely required and/or permitted to work prior to and after their scheduled seven and a half (7.5) hour workday shift, as well as be on call every weekend to provide services to individuals/families, and thus perform significant work in excess of their required minimum thirty-seven and a half (37.5) hour workweek and in excess of forty (40) hours per workweek;

f.   Nonetheless, Defendant only pays their Case Managers and/or Resource Development Specialists, including Named Plaintiff, wages limited to thirty-seven and a half (37.5) hours per

workweek at their designated annual rate of pay calculated as an hourly rate on a weekly basis, and any hours worked in excess of forty (40) hours per workweek are not compensated at the legally mandated overtime rates.  For those Case Managers and/or Resource Development Specialists, including Named Plaintiff, that stayed "on the clock" before and after their designated daily shift or worked on weekends, management adjusted the actual time tracked and submitted by those Case Managers and/or Resource Development Specialists, including Named Plaintiff, at the direction and instruction of Defendant's upper management and executive leadership, to remove these hours from Defendant's centralized payroll system to ensure they would not be compensated;

g.   For example, on or about Saturday, February 29, 2020, Named Plaintiff attempted to submit seven and a half (7.5) hours worked on a timesheet, reflecting time she worked while on-call over the weekend.  The time was adjusted by management, identifying that Named Plaintiff was not authorized to work on weekend, despite being on call.  The seven and a half (7.5) hours worked by Named Plaintiff on or about Saturday,

February 29, 2020 were in addition to the thirty-seven and a half (37.5) hours she worked during the same work week, resulting in a workweek totaling forty-five (45) hours.

h. In another instance, on or about Saturday, July 17, 2021, Named Plaintiff was required by Defendant to tend to a client who needed multiple air conditioning units in her home replaced. The entire process of retrieving a key to a storage unit, retrieving air conditioning units from the storage unit, driving to the home, replacing the air conditioning units at the home, ensuring the clients' comfort and safety, and returning the defunct air conditioning units to the storage unit resulted in six (6) hours of work by Named Plaintiff, on a day on which she was not scheduled to work. The following Monday, on or about July 19, 2021, Named Plaintiff was informed by her Supervisor, William Reed, that she would not be paid for these six (6) hours of work.

i. Additionally, Named Plaintiff was required to work an event on or about Saturday, March 6, 2021 from 6:00 a.m. until 5:00 p.m. after already working the required thirty-seven and one-half hours for the work week. Named Plaintiff was, again,

11

Case 1:22-cv-00908-SES   Document 27   Filed 12/23/22   Page 12 of 49

instructed by Mr. Reed not to include the time on her time sheet, was only paid for thirty-seven and one-half hours for the work week, and was not paid for the eleven hours she worked on or about March 6, 2021.

j.      Throughout her employment as both a Case Manager and a Resource Development Specialist, Named Plaintiff was regularly told to only include thirty-seven and one-half (37.5) hours on her weekly time sheet despite the actual number of hours she worked.

k.      Case Managers and/or Resource Development Specialists, including Named Plaintiff, are never compensated for the time they were required to work either "on the clock" or "off the clock" at an overtime rate for any hours worked in excess of forty (40) hours in a workweek; and

l.      It is common for Case Managers and/or Resource Development Specialists, including Named Plaintiff, to be required to work in excess of twelve (12) hours each workday shift or sixty (60) hours each workweek, inclusive of on call work on weekends, without being compensated beyond their annual rate of pay.

12

20.     Under the FLSA and PMWA, consistent rulings and interpretations of the United States Department of Labor and Pennsylvania Department of Labor, and applicable state law, Named Plaintiffs and all similarly situated employees are entitled to compensation for the time spent working before and after their paid shifts for all services provided.

21.     The FLSA further requires employers to compensate employees at a rate not less than one and a half (1.5) times the regular rate at which they are employed for any work in excess of forty (40) hours per week.  29 U.S.C. § 207.

22.     The PMWA likewise requires employers to compensate employees at a rate not less than one and a half (1.5) times the regular rate for any work in excess of forty (40) hours per week.  43 Pa.C.S. § 333.104(c).

23.     Defendants uniformly denied wages and overtime pay to its Case Managers and/or Resource Development Specialists, including Named Plaintiff, by either misclassifying them as exempt or simply refusing to properly pay them as non-exempt employees for all hours worked, requiring them to perform "off the clock" work, and/or removing "on the clock" hours from payroll.  Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, PMWA, and PWPCL.

24.     Defendant did not accurately record and/or preserve all time worked by their Case Managers, including Named Plaintiff, and specifically removed or did

13

not include time these employees spent providing support services and other non-exempt work throughout the day.

25.    Defendant required their Case Managers and/or Resource Development Specialists, including Named Plaintiff, to service the individuals/families on their caseload before and after their paid shift, as well as be on call every weekend to provide services to individuals/families, to perform work to meet the intense demands of providing these support services throughout much of Central Pennsylvania.  This meant the employee was forced to perform the aforementioned services without compensation beyond their annual rate of pay.

26.    Defendant did not pay their Case Managers and/or Resource Development Specialists, including Named Plaintiff, to perform these and other non-exempt tasks.

27.    On information and belief, Defendant adhered to the same policies and practices with respect to all of their Case Managers and/or Resource Development Specialists.

28.    The net effect of Defendant's policies and practices, instituted and approved by the YWCA's upper management and executive leadership, is that Defendant willfully failed to pay straight-time and overtime compensation, as well as willfully failed to keep accurate time records to save payroll costs.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

29.     Defendant has engaged in systemic wage and hour violations against its Case Manager and/or Resource Development Specialist employees, including Named Plaintiff.  Defendant has caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

30.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Case Manager and/or Resource Development Specialist employees, including Named Plaintiff, employed by the YWCA.

31.     Named Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class:

> **FLSA Resource Development Specialist Collective Action Class:** All individuals who are or have been employed by Defendant as a Resource Development Specialist from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court, who have worked in excess of thirty-seven and a half (37.5) hours in a given workweek without being paid straight-time wages of at least minimum wage for all hours worked under forty (40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per week.

32.     Named Plaintiff brings Count II for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class:

**FLSA Case Manager Collective Action Class:** All individuals who are or have been employed by Defendant as a Case Manager from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court, who have worked in excess of thirty-seven and a half (37.5) hours in a given workweek without being paid straight-time wages of at least minimum wage for all hours worked under forty (40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per week.

33.     Named Plaintiff seeks to represent all Case Managers and/or Resource Development Specialists, as described above, on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record and/or preserve, and pay for, all hours worked, including both straight-time and overtime compensation.  Defendant willfully violated the FLSA through its failure to properly pay the Named Plaintiff and FLSA Collection Action Class all straight-time and overtime hours they have worked.  In particular, the Named Plaintiff and FLSA Collection Action Class often worked in excess of forty (40) hours per week, and in such cases, Defendant did not pay the Named Plaintiff and FLSA Collection Action Class compensation of, at least, the legally mandated federal minimum wage and/or overtime rate.  Specifically, Defendant forced the Named Plaintiff and FLSA Collection Action Class to work before and after their paid shift, including on call

work on weekends, without pay.  Defendant knew and had been aware at all times that the Named Plaintiff and FLSA Collection Action Class regularly worked in excess of forty (40) hours per week, and yet failed to compensate them at an overtime rate for any hours worked in excess of forty (40) hours in a workweek.

34.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

35.     Questions of law and fact common to the Named Plaintiff and FLSA Collective Action Class include but are not limited to the following:

   a. Whether Defendant unlawfully failed and continues to unlawfully fail to compensate Case Managers and/or Resource Development Specialists for all work performed;

   b. Whether Defendant's policy, practice, or procedure of failing to compensate Case Managers and/or Resource Development Specialists for all work performed violates the applicable provisions of the FLSA; and

   c.  Whether Defendant's failure to compensate Case Managers and/or Resource Development Specialists for all work performed was willful within the meaning of the FLSA.

36.     Named Plaintiff's FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other Case Manager and/or Resource Development employees described in the FLSA Collective Action Class.  Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

37.     The Named Plaintiff and FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendant's common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages for all work performed.

## CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL

38.     Named Plaintiff brings Count III for violations of the PMWA, as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

> **PMWA Resource Development Specialist Class:** All individuals who are or have been employed by Defendant as a Resource Development Specialist in the Commonwealth of Pennsylvania from four (4) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have worked in excess of forty (40) hours in a given workweek without being paid overtime wages for all hours worked that exceeded forty (40) hours per workweek.

39.     Named Plaintiff brings Count IV for violations of the PMWA, as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

**PMWA Case Manager Class:** All individuals who are or have been employed by Defendant as a Case Manager in the Commonwealth of Pennsylvania from four (4) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have worked in excess of forty (40) hours in a given workweek without being paid overtime wages for all hours worked that exceeded forty (40) hours per workweek.

40.     Named Plaintiff brings Count V, the PAWPCL claim arising out of Defendant's failure to pay all compensation due and owing on her regular payday, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

**PAWPCL Resource Development Specialist Class**: All persons currently or formerly employed by Defendant as a Resource Development Specialist at any time from three (3) years prior to the filing of the Class and Collective Action to the present, within the State of Pennsylvania, who have worked in excess of thirty-seven and a half (37.5) hours in a given workweek without being paid straight-time wages of at least minimum wage for all hours worked under forty (40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per week.

41.     Named Plaintiff brings Count VI, the PAWPCL claim arising out of Defendant's failure to pay all compensation due and owing on her regular payday, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

**PAWPCL Case Manager Class**: All persons currently or formerly employed by Defendant as a Resource Development Specialist at any time from three (3) years prior to the filing of the Class and Collective Action to the present, within the State of Pennsylvania, who have worked in excess of thirty-seven and a half (37.5) hours in a given workweek without being paid straight-time wages of at least

minimum wage for all hours worked under forty (40) hours per week and overtime wages for all hours worked that exceeded forty (40) hours per week.

42.    Named Plaintiff seeks to represent all Case Managers and/or Resource Development Specialists who worked in the Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other PMWA and PWPCL violations,[2] Defendant's practice of failing to accurately record and/or preserve, and pay for, all hours worked, including both straight-time and overtime compensation. Defendant willfully violated the PMWA and PWPCL through its failure to properly pay Named Plaintiff and the State Classes for all overtime hours they have worked. In particular, the Named Plaintiff and State Classes often worked in excess of forty (40) hours per week, and in such cases, Defendant did not pay the Named Plaintiff and State Classes compensation due.  Specifically, Defendant forced Named Plaintiff and the State Classes to work before and after their paid shift without pay, including on call work on weekends.  Defendant knew and had been aware at all times that the Named Plaintiff and State Classes regularly worked in excess of forty (40) hours per week, and yet failed to pay them at an overtime rate for the hours they worked in excess of forty (40) per workweek.

---

[2] This Complaint will refer to the PMWA Resource Development Specialist Class, the PMWA Case Manager Class, the PAWPCL Resource Development Specialist Class and the PAWPCL Case Manager Class collectively as the "State Classes."

43.     The State Classes as defined above are identifiable.  Named Plaintiff is a member of the State Classes.

44.     The State Classes, upon information and belief, consists of more than one hundred (100) individuals, both current and former employees of Defendant, and is thus so numerous that joinder of all members is impracticable.

45.     Furthermore, members of the State Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

46.     There are questions of law and fact which are not only common to the State Classes, but which predominate over any questions affecting only individual members of the State Classes.  The predominating common questions include, but are not limited to:

a.     Did Defendant fail to pay overtime wages for all hours worked in excess of forty (40) hours per workweek;

b.     Did Defendant's failure to pay straight-time and overtime wages violate the PMWA;

c.     Did Defendant act willfully, intentionally, and maliciously in failing to pay straight time and overtime wages;

d.     Did Defendant's failure to timely and fully pay employees all wages owed violate the PWPCL; and

21

e.    Did Defendant's failure to pay employees all wages owed upon termination violate the PWPCL;

47.    The prosecution of separate actions by individual members of the State Classes would create a risk of establishing incompatible standards of conduct for Defendant, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

48.    The claims of Named Plaintiff are typical of the claims of each member of the State Classes, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendant.

49.    Named Plaintiff will fairly and adequately protect the interests of the State Classes.  Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

50.    Named Plaintiff has no conflict of interest with the State Classes.

51.    Named Plaintiff is able to represent and protect the interest of the State Classes members fairly and adequately.

52.    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Classes, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that

individual members of the State Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

53.     There are no unusual difficulties in the management of this case as a class action.

54.     The books and records of Defendant are material to Named Plaintiff's case as they disclose the rate of pay, scheduled shifts, hours worked, and wages paid to members of the State Classes.

## COUNT I

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ*. FAILURE TO PAY OVERTIME WAGES

### (Named Plaintiff and FLSA Resource Development Specialist Collective Action Class v. Defendant)

55.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

56.     This Count is brought on behalf of Named Plaintiff and all members of the FLSA Resource Development Specialist Collective Action Class against Defendant.

57.     At all times material herein, Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class have been entitled

to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

58.    Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class are "employees" covered by the FLSA, and Defendant is their "employer." Defendant, as the employer of Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class, was and is obligated to pay Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class overtime at one and a half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in a workweek.

59.    The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

60.    Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

61.    Defendant violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

24

62.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.    None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Resource Development Specialist Collective Action Class.

63.    Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class are victims of a uniform compensation policy. On information and belief, Defendant is applying the same unlawful compensation policy to all of its non-exempt, Resource Development Specialist employees.

64.    Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

65.    Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Resource Development Specialist Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).    Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Named Plaintiffs and members of the FLSA

Resource Development Specialist Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

66.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Named Plaintiffs and members of the FLSA Resource Development Specialist Collective Action Class.   Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

67.     Named Plaintiff and the FLSA Resource Development Specialist Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the FLSA Resource Development Specialist Collective Action Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.     Designate this action as a collective action on behalf of the proposed FLSA Resource Development Specialist Collective Action Class and

a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Resource Development Specialist Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

b.    Toll the statute of limitations on the claims of all members of the FLSA Resource Development Specialist Collective Action Class from the date the original complaint was filed until the members of the FLSA Resource Development Specialist Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the FLSA Resource Development Specialist Collective Action Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Resource Development Specialist Collective Action Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.    Award back pay to Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class in the maximum amount available under the FLSA;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class;

27

H.    Award Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.    Award Named Plaintiff and the members of the FLSA Resource Development Specialist Collective Action Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT II

**(INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ*.
FAILURE TO PAY OVERTIME WAGES**

**(Named Plaintiff and FLSA Case Manager Collective Action Class v. Defendant)**

68.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

69.    This Count is brought on behalf of Named Plaintiff and all members of the FLSA Case Manager Collective Action Class against Defendant.

70.    At all times material herein, Named Plaintiff and members of the FLSA Case Manager Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

71.    Named Plaintiff and members of the FLSA Case Manager Collective Action Class are "employees" covered by the FLSA, and Defendant is their

28

"employer." Defendant, as the employer of Named Plaintiff and members of the FLSA Case Manager Collective Action Class, was and is obligated to pay Named Plaintiff and members of the FLSA Case Manager Collective Action Class overtime at one and a half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in a workweek.

72. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

73. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

74. Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

75. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Case Manager Collective Action Class.

76.     Named Plaintiff and members of the FLSA Case Manager Collective Action Class are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to all of its non-exempt, Case Manager employees.

77.     Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

78.     Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Case Manager Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Named Plaintiffs and members of the FLSA Case Manager Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

79.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant

from Named Plaintiffs and members of the FLSA Case Manager Collective Action Class.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

80.     Named Plaintiff and the FLSA Case Manager  Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the FLSA Case Manager Collective Action Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

K.     Designate this action as a collective action on behalf of the proposed FLSA Case Manager Collective Action Class and

a.     Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Case Manager Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

b.   Toll the statute of limitations on the claims of all members of the FLSA Case Manager Collective Action Class from the date the original complaint was filed until the members of the FLSA Case Manager Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

L.   Designate Named Plaintiff, Heather Tidwell, as representative of the FLSA Case Manager Collective Action Class;

M.   Designate Named Plaintiff's chosen counsel as counsel for the FLSA Case Manager Collective Action Class;

N.   Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

O.   Award back pay to Named Plaintiff and the members of the FLSA Case Manager Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Case Manager Collective Action Class for any increased tax liability on a lump-sum award of back pay;

P.   Award liquidated damages to Named Plaintiff and the members of the FLSA Case Manager Collective Action Class in the maximum amount available under the FLSA;

Q.   Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Case Manager Collective Action Class;

R.   Award Named Plaintiff and the members of the FLSA Case Manager Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

S.   Award Named Plaintiff and the members of the FLSA Case Manager Collective Action Class any other appropriate equitable relief; and

T.   Award any additional relief that this Court deems just and proper.

# COUNT III

## (INDIVIDUAL AND CLASS ACTION CLAIMS)

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.*
## FAILURE TO PAY OVERTIME WAGES
### (Named Plaintiff and PMWA Resource Development Specialist Class v. Defendant)

81.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

82.    Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101, *et seq.*

83.    Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff or members of the PMWA Resource Development Specialist Class.

84.    Named Plaintiff and members of the PMWA Resource Development Specialist Class are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to all of their non-exempt, Resource Development Specialist employees.

85.    Defendant violated the overtime provisions of the PMWA as it failed to pay Named Plaintiff and members of the PMWA Resource Development Specialist Class the required one and a half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).   Overtime pay is, therefore, due and owing to Named Plaintiff and members of the PMWA Resource Development Specialist Class.

86.    The PMWA requires that Defendant compensate Named Plaintiff and members of the PMWA Resource Development Specialist Class at a rate of at least one and a half (1.5) times their usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

87.    The total amount of compensation due to Named Plaintiff and members of the PMWA Resource Development Specialist Class by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

88.    Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

89.    Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.   In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

34

90.    Named Plaintiff and the PMWA Resource Development Specialist Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PMWA.

## PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the PMWA Resource Development Specialist Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a class action on behalf of the proposed PMWA Resource Development Specialist Class;

B.    Designate Named Plaintiff, Heather Tidwell, as representatives of the PMWA Resource Development Specialist Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the PMWA Resource Development Specialist Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.    Award back pay to Named Plaintiff and the members of the PMWA Resource Development Specialist Class, including a sum to compensate Named Plaintiff and the members of the PMWA Resource Development Specialist Class for any increased tax liability on a lump-sum award of back pay;

35

F.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the PMWA Resource Development Specialist Class;

G.      Award Named Plaintiff and the members of the PMWA Resource Development Specialist Class pre-judgment and post-judgment interest available under the PMWA;

H.      Award Named Plaintiff and the members of the PMWA Resource Development Specialist Class any other appropriate equitable relief; and,

I.      Award any additional relief that this Court deems just and proper.

## COUNT IV

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.***
**FAILURE TO PAY OVERTIME WAGES**
**(Named Plaintiff and PMWA Case Manager Class v. Defendant)**

91.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

92.     Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101, *et seq.*

93.     Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.   None of the

PMWA exemptions apply to Named Plaintiff or members of the PMWA Case Manager Class.

94.     Named Plaintiff and members of the PMWA Case Manager Class are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to all of their non-exempt, Resource Development Specialist employees.

95.     Defendant violated the overtime provisions of the PMWA as it failed to pay Named Plaintiff and members of the PMWA Case Manager Class the required one and a half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing to Named Plaintiff and members of the PMWA Case Manager Class.

96.     The PMWA requires that Defendant compensate Named Plaintiff and members of the PMWA Case Manager Class at a rate of at least one and a half (1.5) times their usual hourly wage for each hour of overtime.  43 Pa.C.S. § 333.104(c).

97.     The total amount of compensation due to Named Plaintiff and members of the PMWA Case Manager Class by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

98. Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

99. Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

100. Named Plaintiff and the PMWA Case Manager Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PMWA.

## **PRAYER FOR RELIEF ON COUNT IV**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the PMWA Case Manager Class, respectfully requests that this Honorable Court enter Judgment for an amount in excess of the limits of arbitration, exclusive of interests and costs, in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A. Designate this action as a class action on behalf of the proposed PMWA Case Manager Class;

B. Designate Named Plaintiff, Heather Tidwell, as representatives of the PMWA Case Manager Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the PMWA Case Manager Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.    Award back pay to Named Plaintiff and the members of the PMWA Case Manager Class, including a sum to compensate Named Plaintiff and the members of the PMWA Case Manager Class for any increased tax liability on a lump-sum award of back pay;

F.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the PMWA Case Manager Class;

G.    Award Named Plaintiff and the members of the PMWA Case Manager Class pre-judgment and post-judgment interest available under the PMWA;

H.    Award Named Plaintiff and the members of the PMWA Case Manager Class any other appropriate equitable relief; and,

I.    Award any additional relief that this Court deems just and proper.

## COUNT V

## (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §§ 260.1, *ET SEQ.***
**FAILURE TO PAY WAGES**
**(Named Plaintiff and PAWPCL Resource Development Specialist Class v. Defendant)**

101.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

102.    Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq.*

103.    Named Plaintiff and members of the PAWPCL Resource Development Specialist Class are entitled to be paid one and a half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  As stated above, the failure to pay said wages constitute violations of the FLSA and PMWA.

104.    Defendant has failed to pay Named Plaintiff and members of the PAWPCL Resource Development Specialist Class one and a half times (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA and in violation of Defendant's contractual obligations to Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class.  Defendant has, therefore, failed to regularly pay Named Plaintiffs and members of the PAWPCL Resource Development Specialist Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

105.    Accordingly, wages in the form of overtime pay are due and owing to Named Plaintiff and members of the PAWPCL Resource Development Specialist Class pursuant to Section 260.3(a) of the PWPCL.

106.    Defendant further violated the PWPCL through their failure to pay Named Plaintiff and members of the PAWPCL Resource Development Specialist Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

107.    Defendant further violated the PWPCL by failing to record and pay for all hours worked, including overtime wages.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

108.    The total amount due to Named Plaintiff and members of the PAWPCL Resource Development Specialist Class by Defendant constitute wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

109.    In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and members of the PAWPCL Resource Development Specialist Class are entitled to liquidated damages in an amount equal to the lesser of $500 or twenty-five percent (25%) of the wages due in addition to all wages due.

110.    In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiffs and members of the PAWPCL Resource Development Specialist Class are entitled to reasonable attorneys' fees associated with this action.

111.    The wages withheld from Named Plaintiff and members of the PAWPCL Resource Development Specialist Class were not the result of any bona fide dispute.

112.    Named Plaintiff and the PAWPCL Resource Development Specialist Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT V

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the PAWPCL Resource Development Specialist Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a class action on behalf of the proposed PAWPCL Resource Development Specialist Class;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the PAWPCL Resource Development Specialist Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the PAWPCL Resource Development Specialist Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.    Award back pay to Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class, including a sum to compensate Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class in the maximum amount available under the PWPCL;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class;

H.    Award Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class pre-judgment and post-judgment interest available under the PWPCL;

I.    Award Named Plaintiff and the members of the PAWPCL Resource Development Specialist Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.


## COUNT VI

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §§ 260.1, *ET SEQ.*
### FAILURE TO PAY WAGES
### (Named Plaintiff and PAWPCL Case Manager Class v. Defendant)

43

113.   Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

114.   Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

115.   Named Plaintiff and members of the PAWPCL Case Manager Class are entitled to be paid one and a half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  As stated above, the failure to pay said wages constitute violations of the FLSA and PMWA.

116.   Defendant has failed to pay Named Plaintiff and members of the PAWPCL Case Manager Class one and a half times (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA and in violation of Defendant's contractual obligations to Named Plaintiff and the members of the PAWPCL Case Manager Class.  Defendant has, therefore, failed to regularly pay Named Plaintiffs and members of the PAWPCL Case Manager Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

117. Accordingly, wages in the form of overtime pay are due and owing to Named Plaintiff and members of the PAWPCL Case Manager Class pursuant to Section 260.3(a) of the PWPCL.

118. Defendant further violated the PWPCL through their failure to pay Named Plaintiff and members of the PAWPCL Case Manager Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

119. Defendant further violated the PWPCL by failing to record and pay for all hours worked, including overtime wages.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

120. The total amount due to Named Plaintiff and members of the PAWPCL Case Manager Class by Defendant constitute wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

121. In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and members of the PAWPCL Case Manager Class are entitled to liquidated damages in an amount equal to the lesser of $500 or twenty-five percent (25%) of the wages due in addition to all wages due.

122.    In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiffs and members of the PAWPCL Case Manager Class are entitled to reasonable attorneys' fees associated with this action.

123.    The wages withheld from Named Plaintiff and members of the PAWPCL Case Manager Class were not the result of any bona fide dispute.

124.    Named Plaintiff and the PAWPCL Case Manager Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PWPCL.

## **PRAYER FOR RELIEF ON COUNT VI**

WHEREFORE, Named Plaintiff, Heather Tidwell, on behalf of herself and the PAWPCL Case Manager Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, YWCA of Greater Harrisburg, as follows:

A.    Designate this action as a class action on behalf of the proposed PAWPCL Case Manager Class;

B.    Designate Named Plaintiff, Heather Tidwell, as representative of the PAWPCL Case Manager Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the PAWPCL Case Manager Class;

46

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.    Award back pay to Named Plaintiff and the members of the PAWPCL Case Manager Class including a sum to compensate Named Plaintiff and the members of the PAWPCL Case Manager Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the PAWPCL Case Manager Class in the maximum amount available under the PWPCL;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the PAWPCL Case Manager Class;

H.    Award Named Plaintiff and the members of the PAWPCL Case Manager Class pre-judgment and post-judgment interest available under the PWPCL;

I.    Award Named Plaintiff and the members of the PAWPCL Case Manager Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## **JURY DEMAND**

Named Plaintiff and all members of the FLSA Collective Action Class and State Class demand a trial by jury on all issues triable to a jury as a matter of right.

Dated:  December 22, 2022                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire

47

PA I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*

Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*

Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*

Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 22, 2022, a true and correct copy of the foregoing **Fourth Amended Collective and Class Action Complaint** was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

**WEISBERG CUMMINGS, P.C.**

Dated:  <u>December 22, 2022</u>            <u>*/s/ Derrek W. Cummings*</u>
                                      Derrek W. Cummings