# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement is entered into by and between the Named Plaintiff, Heather Tidwell ("Ms. Tidwell" or "Named Plaintiff"), Plaintiffs, and Defendant, YWCA of Greater Harrisburg ("YWCA" or "Defendant", and collectively with Ms. Tidwell, the "Settling Parties"). The Settling Parties intend for this Settlement to fully, finally, and forever resolve, discharge, and settle the Litigation (as defined herein) and any claims that were asserted in the Litigation or that could have been asserted in the Litigation based on the facts alleged in the Complaint for alleged unpaid wages arising from unpaid overtime for work pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, upon and subject to the terms and conditions set forth in this Settlement Agreement.

NOW, THEREFORE, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and with the intent to be legally bound, do hereby mutually agree as follows:

## THE CONDITIONAL NATURE OF THIS SETTLEMENT

This Settlement is made for the sole purpose of settling the Litigation. This Settlement is made in compromise of bona fide and disputed claims. Because the Litigation was pled in part and conditionally certified as a collective action under the FLSA, the Settling Parties are seeking Court approval of this Settlement. In the event the Court does not approve the Settlement and enter a Final Judgment in the Litigation for any reason, this Settlement (except for those provisions relating to non-admissibility and non-admission of liability as set forth below) shall

be deemed null and void, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any Settling Party for any purpose whatsoever.  Further, the negotiation, terms, and entry of this Settlement shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable.

In the event the Court does not approve the Settlement and enter a Final Judgment, Defendant reserves (and does not waive) the right to assert any and all procedural or substantive defenses in the Litigation that were previously available to it prior to entering into this Settlement Agreement (including, without limitation, the ability to challenge collective action certification on any grounds, including, as applicable, through a motion to decertify the collective action, to seek dismissal of claims and Plaintiffs and/or opt-ins, to seek enforcement of any separate agreements with Plaintiffs, and to raise affirmative defenses).

Similarly, in the event that the Court does not approve the Settlement and enter a Final Judgment, Plaintiffs do not waive (and instead expressly reserve) all rights to prosecute all pending claims and allegations in the Litigation, including, without limitation, by opposing any motion filed by Defendant to decertify the collective action, and/or motions for summary judgment.

**THE LITIGATION**

Named Plaintiff and the conditionally certified class were employees who worked at Defendant as case managers or resource development specialists.  Named Plaintiff filed her initial Complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, and Defendant removed the case to this Court (ECF No. 1), seeking collective action status pursuant to 29 U.S.C. §216(b).  Named Plaintiff filed her operative Complaint on December 23, 2022. *See* ECF No. 27. Named Plaintiff claimed that employees paid on an hourly basis were not paid for

all hours worked in excess of 37.5 hours each workweek, including for overtime hours worked under the FLSA, PMWA, and PWPCL.

On April 29, 2024, the Court entered an order conditionally certifying a collective action pursuant to 29 U.S.C. §216(b) (ECF No. 51) and defined the collective as:

> "[a]ll resource development specialists and case managers employed by Defendant YWCA of Greater Harrisburg from January 25, 2019 to present."

Notice was issued and the individuals listed in Section 1.8 of this Agreement opted into this proceeding, in addition to Named Plaintiff, Heather Tidwell.

**DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY**

Defendant specifically and generally denies all of the claims asserted in the Litigation and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and makes no concession or admission of wrongdoing or liability of any kind whatsoever. Defendant maintains that all Plaintiffs were and always have been compensated appropriately, and that, for any purpose other than settlement, the Litigation is not suitable or appropriate for collective action treatment pursuant to 29 U.S.C. §216(b).

**CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT**

Plaintiffs and Class Counsel maintain that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims. However, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of time associated to prosecute the Litigation through trial and possible appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk associated with any litigation and the possibility of decertification. Plaintiffs and Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and in the best interests of Plaintiffs.

**TERMS OF SETTLEMENT AGREEMENT**

It is agreed by and between the Settling Parties that the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Settling Parties, upon and subject to the terms and conditions of this Settlement Agreement and the Final Judgment. After the Settlement is executed by Named Plaintiff and Defendant, the Settling Parties shall submit this Settlement Agreement to the Court for approval and shall jointly request entry of a Final Judgment in the form attached hereto. However, the Court entering its own final judgment approving the Settlement (so long as it does not alter the material terms of the Settlement) shall not, in and of itself, be cause to invalidate the Settlement. Except to the extent provided below with respect to the termination of this Settlement Agreement, the Settling Parties agree to use their best efforts to secure a Final Judgment from the Court.

1.    **Definitions**

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1.    "Class Counsel" means the law firm of Weisberg Cummings, P.C. and its attorneys, Derrek W. Cummings and Michael J. Bradley.

1.2.    "Court" means the United States District Court for the Middle District of Pennsylvania.

1.3.    "Defendant" means YWCA of Greater Harrisburg.

1.4.    "Defendant Releasees" means YWCA of Greater Harrisburg, and its current, former, and future owners, parents, subsidiaries, affiliates and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or

present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities.

1.5.    "Final Order" means the Order the Court signs approving this Settlement and dismissing the lawsuit with prejudice.  The proposed Final Order is attached hereto.

1.6.    "Gross Settlement Amount" means the amount that Defendant shall pay under the terms of this Settlement, which is the gross sum of Ninety Thousand Dollars and Zero Cents ($90,000.00), and includes within that gross sum, without limitation, all Settlement Payments to Plaintiffs, Class Counsel's attorneys' fees and costs, and the cost of Settlement Administration.

1.7.    The "Litigation" means *Heather Tidwell, et al. v. YWCA of Greater Harrisburg.*, Civil Action No. 1:22-CV-00908, pending in the United States District Court for the Middle District of Pennsylvania.

1.8.    "Plaintiffs" are those persons who have filed and/or opted into this proceeding and whose opt in form has not been withdrawn and include only the following individuals: Tiara Baines f/k/a Tiara Gibson; Nereida Benitez; Leslie Demby; Andrea Haynes; Tamiesha Lyons; Jamie Shaffer; Heather Tidwell; and Latoya Washington.

1.9.    The "Net Collective Settlement Payment" of $58,582.58 means the Collective Settlement Payment less Attorneys' fees and the costs incurred in the Litigation.  The Net Collective Settlement Payment will be allocated among Plaintiffs as by Class Counsel, and Class Counsel shall provide the details of the allocation to counsel for Defendant following the execution of this Settlement Agreement.

1.10.    "Released    Claims" means any and all charges, complaints, claims,

obligations, demands, actions, rights, causes of action, liabilities, damages and expenses (including attorneys' fees, costs actually incurred, and liquidated damages) of any kind, whether known or unknown, that Named Plaintiff and/or Plaintiffs have or might have had against Defendant or any Defendant Releasee in connection with the facts, transactions, occurrences, acts or omissions alleged in the Complaint, or that could have been asserted in the Litigation based on the facts alleged in the Complaint from three years prior to the filing of the Complaint through the date of signature of this Settlement Agreement by the Named Plaintiff, arising under the FLSA, or under any state or local law, whether known or unknown, and whether anticipated or unanticipated, including claims for wages, overtime pay and overtime premium pay, per diem payments, claims for missed meal and or rest periods, claims of retaliation, penalties, liquidated damages, interest, attorneys' fees, litigation costs, or equitable relief, arising out of Defendant's alleged failure to properly compensate Plaintiffs.

1.11. "Settlement Agreement" or "Agreement" means this document and its exhibits.

1.12. "Settlement" means the terms and conditions contained in the Settlement Agreement.

1.13. "Settlement Payment(s)" means the portion of the Net Settlement Amount allocated to each Plaintiff.

1.14. "Settling Parties" means Defendant Releasees, Named Plaintiff, and Plaintiffs.

2. **The Settlement**

In consideration of the promises and agreements contained in this Settlement Agreement, the Settling Parties agree as follows:

2.1.    Defendant agrees to pay a total of $90,000.00 in full settlement as the Gross Settlement Amount.  This amount shall be allocated as follows:

- Attorneys' fees of $29,970.00, which reflects 33.33% of the Gross Settlement Fund;

- Net Collective Settlement Payment of $58,582.58; and

- The costs incurred in the Litigation, which equals $1,447.42.

Defendant shall disburse the Net Collective Settlement Payment of $58,582.58 by issuing settlement checks to the Plaintiffs in accordance with the parameters to be specified by Class Counsel to counsel for Defendant and remit the remainder of the Gross Settlement Amount of $31,417.42 (Attorneys' Fees, costs incurred in the Litigation) within thirty (30) days after the Court enters the Final Judgment.  The foregoing amounts constitute consideration for alleged damages to Plaintiffs for the Released Claims.  Plaintiffs and Class Counsel agree that the above payments are inclusive of any claim for attorneys' fees, costs, court costs, interest, and/or other expenses, and that they shall not make any further claim against Defendant or Defendant Releasees for attorneys' fees, costs, court costs, interest, or any other expenses of any kind which may have been incurred.

2.1.1. The Net Collective Settlement Payment of $58,582.58 was allocated among the Plaintiffs.  The allocation was determined on a *pro rata* basis by the total number of workweeks each Class Member worked for the YWCA during the relevant periods;

2.1.2.    Plaintiffs and Class Counsel represent and agree that upon receipt of the payments required by this Settlement Agreement, the consideration described above constitutes full and complete satisfaction of any and all claims by Plaintiffs for any and all Released Claims.

2.1.3.    Plaintiffs and Class Counsel agree, promise, and covenant (except as prohibited by law) that neither they, nor any person, organization, or other entity acting on their behalf will file, permit to be filed, or participate in any claim, charge, complaint, or action against any Defendant Releasees for damages or other relief (including injunctive, declaratory, monetary, or other relief) regarding any matter released in this Settlement Agreement in any court, administrative proceeding other than a proceeding for breach of the terms contained herein.    Plaintiffs further represent and warrant that nothing that would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

2.2.    Taxes

2.2.1.    Settlement Payments to Plaintiffs shall be treated as 100% wages, to be reported on IRS Form W-2.  Each Plaintiff agrees to provide an updated W-4 form, and Class Counsel agrees to provide a current W-9 form, to Defendant prior to receiving any payments from Defendant pursuant to this Agreement, and each Plaintiff agrees that providing Defendant with an updated W-4 form and current W-9 form for Class Counsel shall be a condition precedent to payment by Defendant to each Plaintiff and Class Counsel under this Agreement.

2.2.2.    Other than the withholding and reporting requirements herein, Plaintiffs and the Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Agreement.  The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Named Plaintiff or Settlement Class Member, who agrees to indemnify Defendant Releasees, Class Counsel, and Defense Counsel for any tax

liability, including penalties and interest, arising out of or relating to their failure to pay taxes on any amounts paid pursuant to this Agreement.  All applicable employer payroll tax amounts associated with the payments described in this Agreement to Named Plaintiff and the Settlement Class Members shall be paid by Defendant separate from and in addition to the Gross Settlement Amount.  Defendant Releasees shall be responsible for calculating and remitting to the tax authorities all payroll taxes, as well as the employer share of FICA, FUTA, and SUTA/SUI, for payments out of these allocations.

2.3.    Court Approval

2.3.1    A decision by the Court not to approve this Settlement in its entirety, or a decision by the Court to approve the Settlement with modifications other than modifications concerning the proposed amount of any attorneys' fees or costs to be paid to Class Counsel that Class Counsel, Defendant, and/or Defendant's counsel determines in their reasonable and good-faith judgment to be material, will be discretionary grounds for the Settling Parties to terminate this Settlement Agreement by providing written notice to the opposing counsel so stating and filing such notice with the Court within ten (10) calendar days of receipt of the Court's decision.

2.3.2    If any deadlines related to this Settlement Agreement cannot be met, Class Counsel and Counsel for Defendant shall confer in good faith to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Settlement Agreement. In the event that Class Counsel or Counsel for Defendant fail to reach such agreement, either of them may apply to the Court via a noticed motion for modification of the dates and deadlines in this Settlement; provided, however, that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Settlement and no other changes.

2.4.    Paying the Gross Settlement Amount

2.4.1. As stated above, Defendant shall disburse the Net Collective Settlement Payment of $58,582.58 by issuing settlement checks to the Plaintiffs pursuant to parameters that Class Counsel will provide to counsel for Defendant and remit the remainder of the Gross Settlement Amount of $31,417.42 (Attorneys' Fees, costs incurred in the Litigation, and the cost of Settlement Administration) to Class Counsel via check and/or wire or ACH transfer within thirty (30) days after the Court enters the Final Judgment.

2.5.    Payment to Settlement Collective Members

2.5.1.    Checks issued to Plaintiffs pursuant to this Settlement shall remain negotiable for a period of one hundred and eighty (180) calendar days from the date of mailing, at which point they will become void.  In the event that any settlement checks are returned as non-deliverable, Class Counsel will then attempt to obtain updated contact information and will take all reasonable steps to deliver the settlement checks.  If Class Counsel is unable to deliver the settlement checks to any Plaintiff or the check becomes void (as set forth above), then the settlement payments allocated to those individuals will be treated as remaining the property of Defendant.  Defendant and its counsel shall not be liable for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiations of settlement checks.

2.5.2.    Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Defendant Releasees.

- 10 -

2.6.    Release and Waiver of Claims

2.6.1.    As a material inducement to Defendant to enter into this Settlement Agreement, and in return for the promises and undertakings set forth herein, Plaintiffs do hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant and Defendant Releasees of and from the Released Claims.  After entry by the Court of the Final Judgment, Plaintiffs, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Claims and they will not accept, recover, or receive any back pay, liquidated damages, other damages, penalties, or any other form of relief based on any of the Released Claims asserted or settled in the Litigation which may arise out of, or in connection with any other individual, representative, class, or collective action, or any administrative remedies pursued by any individual(s) or any federal, state, or local governmental agency against any of the Defendant Releasees.

2.6.3.    Notwithstanding the foregoing provisions of Sections 2.6.1, Plaintiffs do not release or waive: (i) any claim that they could make for unemployment compensation or workers' compensation benefits; (ii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Final Judgment; (iii) their right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although they do waive their right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a claim that was released); and/or (iv) any rights or claims that may arise after the execution of this Agreement.

2.6.4.    Further, in consideration of the payments set forth herein, Plaintiffs expressly covenant to indemnify and hold harmless Defendant Releasees from any and all further claims for damages, expenses, attorney fees, or causes of action, whatsoever, in law or in equity, arising out of or related to the Released Claims that are brought by Plaintiffs, their heirs, executors or assigns.

2.6.5.    Named Plaintiff affirms that she has not filed any other charges, complaints, claims or actions against Defendant Releasees.  In the event there is outstanding any charge, complaint, claim or action by her against Defendant Releasees, Named Plaintiff agrees to execute such papers or documents as may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.  Plaintiffs agree not to file a lawsuit or to commence any other legal proceeding against Defendant Releasees concerning any matter released in this Settlement Agreement.

2.6.6.    Named Plaintiff represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Litigation, or any related action.

2.6.7.    Plaintiffs agree that the release provided by this Settlement Agreement applies to any Released Claims brought by any person or agency on behalf of any of the Plaintiffs against Defendant, whether as a class or collective action, or any other form of representative action or action purportedly brought on their behalf.

2.7.    Payment of Attorneys' Fees and Costs

2.7.1.    All attorneys' fees and costs owed to Class Counsel shall be obtained from the Gross Settlement Amount.  Payment of attorneys' fees and costs as set forth in

this Settlement Agreement shall constitute full satisfaction of any obligations of Defendant to pay any person, attorney, or law firm (including but not limited to Class Counsel) for attorneys' fees, expenses, or costs incurred on behalf of Plaintiffs and shall relieve the Defendant Releasees of any other claims or liability to any person for any attorneys' fees, expenses, and costs to which any person may claim to be entitled on behalf of any Plaintiff related to the Litigation or this Settlement Agreement, and Plaintiffs and Class Counsel agree that they shall neither seek nor be entitled to any additional attorneys' fees or costs from Defendant or any of the Defendant Releasees under any theory other than for such fees, expenses and costs that may be incurred in any action to enforce the Settlement Agreement or for breach thereof.  Upon payment of Class Counsel's fees and costs hereunder, Class Counsel and Plaintiffs shall be deemed to have released Defendant Releasees from any and all claims for prevailing party attorneys' fees, expenses, and costs relating to the Litigation.  Class Counsel further represent and certify that they are not aware of any liens for attorneys' fees, expenses, or costs existing, filed, or asserted with respect to any of the claims asserted in the Litigation.

2.7.2.    In the event that the Court approves less than the amounts requested for attorneys' fees and costs, only the awarded amount shall be paid and shall constitute satisfaction of the obligations of this paragraph and full payment hereunder.

2.8.    Confidentiality

2.8.1.  Plaintiffs agree that they will keep the terms of this Agreement completely confidential and not disclose (whether in person, by telephone, electronically, through the internet, or via any other mode of communication) any information concerning the Agreement to anyone, provided that the Plaintiffs may make such disclosures to their spouses, legal counsel, accountant, and tax adviser (if any), provided that a commitment is obtained from

- 13 -

such person not to disclose the existence or terms of this Agreement, to carry out or enforce the terms of this Agreement, or for legitimate law enforcement or legal compliance purposes.  Any violation of this confidentiality requirement will be treated as a material breach of this Agreement and will entitle the YWCA to any and all damages available in law or equity.

2.9.    No Reemployment

2.9.1.   Plaintiffs agree that, in consideration of the benefits set forth in this Agreement, they (each individually) will not seek future employment with the YWCA.  Should any of the individual Plaintiffs apply for such a position, their application will not be considered. In the event that any of the individual Plaintiffs is hired by an agent or employee of the YWCA who is not aware of this Agreement, the individual Plaintiff shall be discharged upon discovery of the terms of this Agreement.  The Plaintiffs further agree that their execution of this Agreement is good and sufficient cause for the YWCA to reject any application an individual Plaintiff may make for employment or re-employment or to discharge such individual Plaintiff from employment.

2.10.    Miscellaneous Provisions

2.10.1.    The Settling Parties (a) agree that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement, including, but not limited to, obtaining the court approval of their Settlement Agreement.

2.10.2    This Settlement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claims or any potential defenses.  The Settling Parties agree that the amounts paid in

connection with this Settlement and the terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

2.10.3.    All of the exhibits to this Settlement are material and integral parts hereof and are fully incorporated herein by this reference.

2.10.4.    This Settlement Agreement constitutes the complete and total agreement among the Settling Parties hereto regarding the subject matter discussed herein, and each party represents to the other that it is not relying on any other agreements or oral representations not fully expressed in this Settlement Agreement.  Except as otherwise explicitly provided herein, Defendant and Plaintiffs shall bear their own fees and costs incurred in connection with the Litigation and the Settlement.

2.10.5.    Each person executing this Settlement Agreement or any of its exhibits or payments issued as a result of the settlement on behalf of any Settling Party hereto hereby warrants that such person has the full authority to do so.

2.10.6.    This Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Emailed, electronically signed or faxed executions shall be considered originals.

2.10.7.    Whenever this Settlement requires or contemplates that a Settling Party or the Court shall or may give notice to another, notice shall be provided by email, facsimile and/or next-day express delivery service (excluding Sundays and Court holidays) as follows:

(i)    If to Defendant, then to:

- 15 -

**Devin J. Chwastyk, Esquire**
dchwastyk@mcneeslaw.com
**Mark A. Hipple, Esquire**
mhipple@mcneeslaw.com
**Lauren Anthony**
lanthony@mcneeslaw.com
**McNees Wallace & Nurick LLC**
**100 Pine Street**
**P.O. Box 1166**
**Harrisburg, PA 17108-1166**
**(717) 232-8000**

    (ii)     If to Plaintiffs, then to:

**Derrek W. Cummings, Esquire**
dcummings@weisbergcummings.com
**Michael J. Bradley, Esquire**
mbradley@weisbergcummings.com
**Weisberg Cummings, P.C.**
**2704 Commerce Drive, Suite B**
**Harrisburg, PA 17110**
**(717) 238-5707**
**(717) 233-8133 (Fax)**

2.10.8.    This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns; but the Settlement Agreement is not designed to and does not create any third-party beneficiaries, either express or implied.

2.10.9.    Any action to enforce this Settlement Agreement shall be commenced and maintained only in the Court.

2.10.10.    This Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the Commonwealth of Pennsylvania, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the Commonwealth of Pennsylvania without giving effect to that Commonwealth's choice of law

principles.

2.10.11.   The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Settling Party.   No one Settling Party shall be deemed the drafter of this Settlement Agreement.   The Settling Parties acknowledge that the terms of this Settlement Agreement are contractual and are the product of arms-length negotiations between them and their counsel. Each Settling Party and its counsel cooperated in the drafting and preparation of this Settlement Agreement.

2.10.12.   This Settlement may not be changed, altered, or modified, except in writing signed by Class Counsel and Defendant's counsel and approved by the Court.

2.10.13.   Paragraph titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement, or any provision thereof.

2.10.14.   If any provision of this Settlement Agreement is found by any court or governmental agency to be unlawful or unenforceable, in a proceeding in which any Plaintiff requested or advanced an argument in support of such a finding, Defendant shall have the right to require the Settling Parties to continue complying with the remaining provisions of this Settlement Agreement or to declare the Settlement Agreement void.   In the event that Defendant declares this Settlement Agreement to be void in accordance with the foregoing sentence, no party hereto shall have any rights or obligations hereunder, and the Settling Parties will be returned to their positions prior to signing this Settlement Agreement, including the return of any sums paid by Defendant pursuant to this Settlement Agreement.

2.10.14.   All Settling Parties have been represented by counsel

- 17 -

throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel.  Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiffs and the Plaintiffs.  Named Plaintiffs and Class Counsel represent that they are fully authorized to enter into this Agreement and to bind Named Plaintiffs and the Plaintiffs to the terms and conditions thereof.

2.10.14.1.  All of the Settling Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations that preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

2.10.14.2.  It is agreed that because the Plaintiffs are so numerous, it is impossible or impractical to have all Plaintiffs execute this Agreement.

2.10.14.3.  The Agreement will be binding upon and inure to the benefit of the Plaintiffs and their respective heirs, trustees, executors, administrators, successors, and assigns.

2.10.15.  PLAINTIFFS REPRESENT THAT THEY HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS SETTLEMENT AGREEMENT AND THAT THEY HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY, VOLUNTARILY, AND WITHOUT THREAT OR DURESS.

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: 4/16/2026

_____
Named Plaintiff, Heather Tidwell

Dated: _____

_____
Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____

_____
Plaintiff, Nereida Benitez

Dated: _____

_____
Plaintiff, Leslie Demby

Dated: _____

_____
Plaintiff, Andrea Haynes

Dated: _____

_____
Plaintiff, Tameisha Lyons

Dated: _____

_____
Plaintiff, Jamie Shaffer

Dated: _____

_____
Plaintiff, Latoya Washington

Dated: _____

_____
Class Counsel, Weisberg Cummings, P.C.

Dated: _____

_____
Defendant, YWCA of Greater Harrisburg

Dated: _____

_____
Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:


Dated: _____       _____
                              Named Plaintiff, Heather Tidwell

Dated: ___4/16/2026____       _____
                              Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____       _____
                              Plaintiff, Nereida Benitez

Dated: _____       _____
                              Plaintiff, Leslie Demby

Dated: _____       _____
                              Plaintiff, Andrea Haynes

Dated: _____       _____
                              Plaintiff, Tameisha Lyons

Dated: _____       _____
                              Plaintiff, Jamie Shaffer

Dated: _____       _____
                              Plaintiff, Latoya Washington

Dated: _____       _____
                              Class Counsel, Weisberg Cummings, P.C.

Dated: _____       _____
                              Defendant, YWCA of Greater Harrisburg

Dated: _____       _____
                              Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all

Plaintiffs hereby execute this Agreement on the dates indicated below:


Dated: _____        _____
                               Named Plaintiff, Heather Tidwell

Dated: _____        _____
                               Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: __4/16/2026_____       _____ *Nereida Benitez*
                                                      DocuSigned by:
                               Plaintiff, Nereida Benitez
                               D74911D57421472...

Dated: _____        _____
                               Plaintiff, Leslie Demby

Dated: _____        _____
                               Plaintiff, Andrea Haynes

Dated: _____        _____
                               Plaintiff, Tameisha Lyons

Dated: _____        _____
                               Plaintiff, Jamie Shaffer

Dated: _____        _____
                               Plaintiff, Latoya Washington

Dated: _____        _____
                               Class Counsel, Weisberg Cummings, P.C.

Dated: _____        _____
                               Defendant, YWCA of Greater Harrisburg

Dated: _____        _____
                               Defense Counsel, McNees Wallace & Nurick LLC.

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Named Plaintiff, Heather Tidwell

Dated: _____

_____
Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____

_____
Plaintiff, Nereida Benitez

Dated:   4/16/2026

_____
Plaintiff, Leslie Demby

Signed by:
*Leslie D Demby*
FCCB920C7F4B4F4...

Dated: _____

_____
Plaintiff, Andrea Haynes

Dated: _____

_____
Plaintiff, Tameisha Lyons

Dated: _____

_____
Plaintiff, Jamie Shaffer

Dated: _____

_____
Plaintiff, Latoya Washington

Dated: _____

_____
Class Counsel, Weisberg Cummings, P.C.

Dated: _____

_____
Defendant, YWCA of Greater Harrisburg

Dated: _____

_____
Defense Counsel, McNees Wallace & Nurick LLC.

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:


Dated: _____        _____
                              Named Plaintiff, Heather Tidwell

Dated: _____        _____
                              Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____        _____
                              Plaintiff, Nereida Benitez

Dated: _____        _____
                              Plaintiff, Leslie Demby

Dated: __4/17/2026_____        _____
                              Plaintiff, Andrea Haynes

Signed by: Andrea A Haynes — FB2E29D3A85247D...

Dated: _____        _____
                              Plaintiff, Tameisha Lyons

Dated: _____        _____
                              Plaintiff, Jamie Shaffer

Dated: _____        _____
                              Plaintiff, Latoya Washington

Dated: _____        _____
                              Class Counsel, Weisberg Cummings, P.C.

Dated: _____        _____
                              Defendant, YWCA of Greater Harrisburg

Dated: _____        _____
                              Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all

Plaintiffs hereby execute this Agreement on the dates indicated below:


Dated: _____        _____
                              Named Plaintiff, Heather Tidwell

Dated: _____        _____
                              Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____        _____
                              Plaintiff, Nereida Benitez

Dated: _____        _____
                              Plaintiff, Leslie Demby

Dated: _____        _____
                              Plaintiff, Andrea Haynes

Dated: 4/16/2026              _____
                              Plaintiff, Tameisha Lyons

Dated: _____        _____
                              Plaintiff, Jamie Shaffer

Dated: _____        _____
                              Plaintiff, Latoya Washington

Dated: _____        _____
                              Class Counsel, Weisberg Cummings, P.C.

Dated: _____        _____
                              Defendant, YWCA of Greater Harrisburg

Dated: _____        _____
                              Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Named Plaintiff, Heather Tidwell

Dated: _____

_____
Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____

_____
Plaintiff, Nereida Benitez

Dated: _____

_____
Plaintiff, Leslie Demby

Dated: _____

_____
Plaintiff, Andrea Haynes

Dated: _____

_____
Plaintiff, Tameisha Lyons

Dated: 4/16/2026

_____
Plaintiff, Jamie Shaffer

Signed by:
CE373AAAACEA46A...

Dated: _____

_____
Plaintiff, Latoya Washington

Dated: _____

_____
Class Counsel, Weisberg Cummings, P.C.

Dated: _____

_____
Defendant, YWCA of Greater Harrisburg

Dated: _____

_____
Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:


Dated: _____          _____
                                 Named Plaintiff, Heather Tidwell

Dated: _____          _____
                                 Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____          _____
                                 Plaintiff, Nereida Benitez

Dated: _____          _____
                                 Plaintiff, Leslie Demby

Dated: _____          _____
                                 Plaintiff, Andrea Haynes

Dated: _____          _____
                                 Plaintiff, Tameisha Lyons

Dated: _____          _____
                                 Plaintiff, Jamie Shaffer

Dated: __4/16/2026____          _____
                                 Plaintiff, Latoya Washington

Dated: _____          _____
                                 Class Counsel, Weisberg Cummings, P.C.

Dated: _____          _____
                                 Defendant, YWCA of Greater Harrisburg

Dated: _____          _____
                                 Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____    _____
                          Named Plaintiff, Heather Tidwell

Dated: _____    _____
                          Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____    _____
                          Plaintiff, Nereida Benitez

Dated: _____    _____
                          Plaintiff, Leslie Demby

Dated: _____    _____
                          Plaintiff, Andrea Haynes

Dated: _____    _____
                          Plaintiff, Tameisha Lyons

Dated: _____    _____
                          Plaintiff, Jamie Shaffer

Dated: _____    _____
                          Plaintiff, Latoya Washington

Dated: 4.20.2026          _____
                          Class Counsel, Weisberg Cummings, P.C.

Dated: _____    _____
                          Defendant, YWCA of Greater Harrisburg

Dated: _____    _____
                          Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound, the Settling Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____

Named Plaintiff, Heather Tidwell

Dated: _____

Plaintiff, Tiara Baines f/k/a Tiara Gibson

Dated: _____

Plaintiff, Nereida Benitez

Dated: _____

Plaintiff, Leslie Demby

Dated: _____

Plaintiff, Andrea Haynes

Dated: _____

Plaintiff, Tameisha Lyons

Dated: _____

Plaintiff, Jamie Shaffer

Dated: _____

Plaintiff, Latoya Washington

Dated: _____

Class Counsel, Weisberg Cummings, P.C.

Dated: 4. 14. 26

Defendant, YWCA of Greater Harrisburg

Dated: April 28, 2026

Defense Counsel, McNees Wallace & Nurick LLC.

- 19 -